Easterly, Associate Judge, concurring:
I join the opinion of the court, which cogently explains what it means for the government to be in possession, custody, or control of an item such that the government's disclosure obligations under Rule 16 (a)(1)(E) are triggered. I write separately to note only that in the parties' discussion of police "control" over discoverable items in this case, the parties never mentioned, either at trial or in their briefs, the particular terms of Officer Webster's outside employment at Wal-Mart. See ante at 302 (explaining that "control" may arise "by express agreement"). Specifically, we have not considered the terms of Wal-Mart's agreement with the MPD. See generally PD Form 180-B (Employer's Agreement to Conditions of Employment which expressly provides that "[m]embers may engage in police-related outside employment only if their police powers are in effect and the member complies with all applicable provision[s] of the D.C. Official Code and the Police Manual pertaining to the performance of duties."); see also 6A DCMR § 300.9 (1982) (requiring "written approval for each outside employment situation"); 6A DCMR § 302.1-.2 (2000) (requiring notice and approval by Department, Commanding Officer, and Chief of Police to engage in outside employment); 6A DCMR § 303.11 (1983) (requiring an officer to "ensure that his or her outside *309 employer is familiar with the contents" of PD Form 180-B); MPD General Order 201.17 (VI)(H) (2004) (pursuant to 6A DCMR § 302.1, officer must submit PD Form 180 (Request to Engage in Outside Employment), PD Form 180-B (Employer's Agreement to Conditions of Employment), and employer's liability insurance to the Department prior to accepting such employment). Likewise, we decide this case without considering the import if any of Officer Webster's retention of his police powers, see 6A DCMR §§ 300.10, 303.05; see also Mattis v. United States , 995 A.2d 223, 226 (D.C. 2010), and his obligation to "comply with all laws and directives of the Chief of Police as if the member was on duty and in the performance of duty," 6A DCMR 300.2 (e), which includes the "preservation of potentially discoverable material." MPD General Order 601.02 (2004).